UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10 C 5350 |
| | ) |
| v. | ) Magistrate Judge Arlander Keys |
| | ) |
| P.O. Noble Williams, Star | ) |
| #7073, P.O. T. Moragne, STAR | ) |
| #19052, individually, and | ) |
| THE CITY OF CHICAGO | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Anthony James sued the City of Chicago and two of its police officers, alleging that on August 25, 2008 the Defendants falsely arrested him and caused a malicious prosecution. The main issue at trial was whether or not the Defendants reasonably believed that Mr. James possessed a firearm prior to his arrest.

On February 23, 2012, after a three day jury trial, the jury returned a verdict for the Defendants. On March 23, 2012, the Defendants filed their bill of costs seeking to recover $7,301.56, and Mr. James filed a motion seeking a new trial under Federal Rule of Civil Procedure 59(a). For the reasons explained below, the motion for new trial is denied.

Where a case has been tried to a jury, Rule 59(a) permits the Court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a). As a practical matter,

however, "a new trial should be granted 'only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the Court's] conscience.'" *Warfield v. City of Chicago*, 679 F.Supp.2d 876, 882 (N.D. Ill. 2010)(quoting *Davis v. Wisconsin Department of Corrections*, 445 F.3d 971, 979 (7th Cir. 2006)). "Granting a new trial is not something to be done lightly." *Rasic v. City of Northlake*, No. 08 C 104, 2010 WL 3365918, at *6 (N.D. Ill. Aug. 24, 2010)(citing 11 Wright, Miller & Kane Federal Practice and Procedure: Civil 2d §2806 at 74-75 (1995 ed.)). Where a jury has reached a verdict, that verdict "will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore ex rel. Estate of Grady v. Tuelja*, 546 F3d 423, 427 (7th Cir. 2008)(citing *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)). "Jury verdicts deserve particular deference in cases with 'simple issues but highly disputed facts.'" *Moore*, 546 F.3d at 427 (quoting *Latino v. Kaizer,* 58 F.3d 310, 314 (7th Cir. 1995)).

"The party seeking a new trial based on alleged legal errors 'bears a heavy burden.'" *Rasic*, 2010 WL 3365918, at *6 (quoting *Alverio v. Sam's Warehouse Club, Inc.,* 253 F.3d 933, 939 (7th Cir. 2001)). "The party first must show an abuse of discretion in the Court's rulings, which alone is a steep hill to climb";

additionally, he must then "'show that any alleged errors were "substantial enough to deny him a fair trial,' which requires proof that "a significant chance exists that they affected the outcome of the trial." *Rasic*, 2010 WL 3365918, at *6 (quoting *Rodriguez v. Anderson,* 973 F.2d 550, 552-53 n. 3 (7th Cir. 1992); *Wilson,* 25 F.3d at 584, *Hasham v. Cal. State Bd. of Equalization,* 200 F.3d 1035, 1048 (7th Cir. 2000)).

Here, Mr. James argues that a new trial is necessary to prevent a miscarriage of justice; he argues that the Court committed two errors by: (1) prohibiting witness, Ms. Laura Dunaj, from testifying about a document called an "Event Query"; and (2) failing to give a limiting instruction regarding Plaintiff's prior arrests.

### 1. Testimony of Ms. Laura Dunaj and the Event Query

In support of his motion for a new trial Mr. James first argues that the Court erred in excluding the testimony of Ms. Laura Dunaj, a 911 call taker for the City of Chicago's Office of Emergency Management Communications ("OEMC"), and that she should have been permitted to testify about the matters reflected (or not) in a document known as an Event Query as a "lay opinion witness" pursuant to Fed. R. Evid. 701 ("Rule 701"). Pl.'s Mot. pp. 8-10. Plaintiff argues that Ms. Dunaj was qualified to testify about the event query and that Defendants' objection to her testimony was untimely. By preventing Ms. Dunaj from

testifying, as well as preventing the admission of the event query itself into evidence, Plaintiff opines that a substantially unfair trial resulted, and, thus, a new trial is warranted. Conversely, Defendants contend that Plaintiff failed to properly preserve any objections at trial; even if Mr. James were now entitled to raise any such errors, his invocation of Rule 701 is futile; and that neither the admission of the event query itself nor the admission of Ms. Dunaj's testimony regarding the event query would have altered the outcome of this case. Although the Court disagrees that Mr. James failed to properly preserve any objections, nonetheless, the Court agrees that Rule 701 is unavailing to Plaintiff, and that the exclusion of both the event query itself and testimony regarding the query did not alter the outcome of this case or cause Mr. James an unfair trial.

Matters relating to the admissibility of evidence and jury guidance are largely governed by the discretion of the trial judge, and are entitled to special deference. *Estate of Moreland v. Dieter*, 395 F.3d 747, 753-54 (7t Cir. 2005). Accordingly, a party may properly preserve a claim of error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and "if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." Fed. R. Evid. 103(a). Finally, a new trial based on an error in the admission

of evidence is granted only in "extraordinary situations." *Shick v. Ill. Dep't of Human Servs.*, 307 F.3d 605, 611 (7th Cir. 2002).

During the trial, Plaintiff called Ms. Dunaj and she was permitted to render certain testimony until Plaintiff sought to introduce the police dispatch Event Query through her, it was at that point that Defendants objected to her testimony based on foundation. It was established during an *in-camera* voir dire that Ms. Dunaj did not create the dispatch document, had no personal knowledge of the events reflected within, and was not qualified or trained to create or decipher a police dispatch document of the sort. Therefore the Court barred Ms. Dunaj from rendering any further testimony relating to the Event Query.

Plaintiff properly preserved his claim of error, informing the Court of what he specifically sought to establish via the Event Query and Ms. Dunaj's testimony, which was that the Event Query did not contain a "flash message" of Mr. James' description called in by one of the defendant officers, and that if one had been called in, it would have been reflected on the Event Query. Mr. James intended to utilize the Event Query and testimony to argue that the absence of this information from the Event Query should lead to it being "reasonably inferred that the Defendants did not actually observe someone with a striped shirt and braids in possession of a weapon." Pl.'s Mot. p 12. At bottom, Plaintiff sought to introduce the Event Query and Ms. Dunaj's

testimony in an effort to portray the officers as at least
mistaken or at most lying about seeing Mr. James and making the
transmission.  At trial, Mr. James' counsel denied that this was
the kind of testimony he sought to elicit form Ms. Dunaj.
However, Plaintiff's current motion is confirmation. *See* Pl.'s
Mot. pp 1-2, 11-13.  Therefore, the Court finds that both the
Event Query itself and the inadequate testimony regarding it was
properly excluded within the Court's discretion, that its
exclusion was in no way an extreme error warranting a new trial,
but that Plaintiff, nonetheless, properly preserved his
objection.

Although the Court finds Mr. James' objections properly
before it, his invocation of Rule 701 is unavailing.  Plaintiff
points out that Rule 701 states that lay opinion is proper when
it is:

> (a) rationally based on the perception of the witness,
> (b) helpful to a clear understanding of the witness'
> testimony or the determination of a fact in issue, and
> (C) not based on scientific, technical, or other
> specialized knowledge within the scope of Rule 702."
> *United States v. Cruz-Rea*, 626 F.3d 929, 935 (7th Cir.
> 2010) (*citing* Fed.R.Evid. 701). A lay witness's purpose
> is to inform the jury what is in the evidence, not to
> tell it what inferences to draw from that evidence. *See*
> *United States v. Noel*, 581 F. 3d 490, 496 (7th Cir. 2009)
> (omitting citations).

Pl.s Mot. pp. 7-8.
However, when applying the Rule 701 elements, the Seventh Circuit

6

has held that "lay opinion" testimony must be based on first-hand *personal* knowledge of the witness. *Von der Ruhr v. Immtech Intern., Inc.*, 570 F.3d 858, 864-65 (7th Cir. 2009)(emphasis added).

Here, Ms. Dunaj, a 991 call taker who has no personal knowledge of the incident described in the Event Query, which was created by a police dispatcher, and whom admitted in voir dire that becoming a dispatcher requires additional training and authorization which she did not possess, cannot qualify as a "lay witness". Moreover, she cannot qualify as a witness that has "particularized knowledge by virtue of her experience [that] may testify -even if the subject matter is specialized or technical- because [her] testimony is based upon her knowledge rather than on specialized knowledge..." (Pl.s Mot. p. 8), because she admits to not having the knowledge, personal or otherwise, nor the additional training, authorization, and experience to even speculate as to the meaning of why certain entries would be made or not. Thus, Plaintiff's final attempt to make a Rule 701 defense, or its Advisory Committee Notes, stick is futile. Lastly, the Court maintains that the Event Query itself was inadmissible as well, as without a proper foundation and no one able to testify as to its meaning, there was no foundational groundwork that could be laid in order to hand it over to a jury.

Finally, Mr. James asserts that the Court's prevention of

his admission of the Event Query into evidence, as well as the prevention of Ms. Dunaj from testifying about the information found therein, substantially impacted the outcome of the trial. The notion that this case turned on whether a flash message giving Mr. James' description was documented on an Event Query or not is unconvincing. Instead, the credibility of the parties was what determined the outcome of this case. Plaintiff was repeatedly impeached on several aspects of his telling of the relevant events, he gave several contradictory accounts, and he admitted numerous acts of dishonesty; these occurrences are what led to the verdict against him. The Seventh Circuit recently made clear that a battle of credibility does not lead to a new trial. *See Whitehead v. Bond*, 680 F.3d 919, 925 (7th Cir. 2012)(denying a motion for a new trial and noting that "[t]he trial in this case, simply stated, was a credibility contest.").

### 2. Instruction on Prior Arrests and Convictions

Mr. James' final argument for a new trial is that the Court's failure to provide a limiting instruction, along with the admission of his past arrests into evidence, led to a "grossly prejudicial" trial and misled the jury. Defendants argue that Mr. James' failure to object at the instruction conference constituted waiver and that were the Court still to entertain his claim, it is without merit. The Court agrees.

Both parties filed a number of motions *in limine*; among

other things, Mr. James asked the Court to bar evidence of his,
and his witnesses, prior and subsequent arrests.

With regard to Mr. James' criminal history, the Court determined
that evidence of his prior and subsequent arrests and convictions
were relevant, only insofar as it might bear on his claim of
emotional damages; specifically, the Court ruled as follows:

> Granted in part and denied in part. With respect to
> the plaintiff only. The Court notes that the plaintiff
> claims to have suffered mental and emotional pain and
> suffering as a result of the incident alleged
> herein. To the extent that plaintiff claims to have
> suffered emotional damages, the fact that he has been
> arrested in the past may be used regarding his
> credibility and impeachment in that regard.
>
> Plaintiff and his witnesses felony convictions within
> the last 10 years are granted; they are admissible for
> credibility and impeachment purposes.

Rulings on Pending Motions In Limine Order issued February 15,
2012 (Docket #40).

Although the Court was clear on how it would handle Mr.
James' arrest history by the above ruling on his motion *in limine*
number 2, and despite the Court's continued update and
distribution of the jury instructions to counsel each day of
trial, to which Plaintiff's counsel never raised any objection or
mention of the limiting instruction at issue, Mr. James now
argues that the Court improperly allowed in Plaintiff's arrests
without a limiting instruction. However, it is established under
Fed. R. Civ. P. 51 that a party may not assert error based on the

failure to give an instruction when the party is given a copy of the proposed instructions to be given and fails to raise such an objection at the time. *See Sims v. Mulcahy*, 902 F.2d 524 (7th Cir. 1990).

Regardless of waiver, Plaintiff fails to provide the evidence necessary in order to obtain a new trial based on an erroneous jury instruction. To wit, a plaintiff must establish both that (1) the instructions given did not adequately state Seventh Circuit law and (2) that prejudice arose from the error such that the jury was likely seriously confused or misled by the jury instructions to the extent that the ultimate outcome of the trial would have been altered. *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 452 (7th Cir. 2001). Plaintiff has failed to provide evidence that meets either prong. Morever, the Seventh Circuit has provided that in instances as here, when the manner in which the evidence is presented clarifies the way in which it can be used, there is no prejudice. *Id.* Here, Defendants' counsel linked Plaintiff's arrest history to his emotional damages. ("Q: Mr. James, your attorney asked you towards the end of your examination what you were seeking in this case, and you said that you were seeking emotional distress; is that correct? A: Yes Q: And your arrest on August 25th, 2008, was not, in fact, the first time that you had been arrested, correct? A: You're correct... Q: In fact, you had been arrested over three

10

dozen times before that date, correct?...A: Yes"). Trial Tr. Vol 2-B, 39:14-40:6, February 22, 2012. Accordingly, even if there was an error in not giving a limiting instruction, Mr. James' arrest history was linked to his claim for emotional damages, and thus presented in a way that caused no prejudice and was not misleading to the jury.

Fundamentally, the case came down to whether the jury believed Mr. James' version of events, or whether it believed the Defendants' version of events. The jury chose to believe the Defendants, and, well beyond his prior arrests, there was an abundance of evidence to support that decision.

## CONCLUSION

As explained, a new trial should be granted under Rule 59(a) "only when the record shows that the jury's verdict resulted in a miscarriage of justice" or where the verdict "shocks the Court's conscience." That is not the case here. Simply stated, this case pitted Mr. James' word against that of the defendants; the two sides told very different stories, and the jury chose to believe the defendants. That decision is supported in the evidence and bolstered by the witnesses' respective demeanor and credibility, as well. Far from being shocked by the jury's verdict, having sat through the trial, heard all of the testimony, and scrutinized all of the evidence, the Court would have been surprised if the verdict had gone the other way.

Accordingly, and for the reasons explained above, the Court denies Plaintiff's Motion for New Trial [#55].

With regard to the Defendants' Bill of Costs [#54], Mr. James is directed to file his response (if any) by September 14, 2012, and the Defendants are directed to file their reply by September 28, 2012. The Court will rule by mail.


Date: August 15, 2012

E N T E R E D:

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT