```
            UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

ANTHONY JAMES,                       )
                                     )
       Plaintiff,                    )
                                     ) Case No. 10 C 5350
                                     )
   v.                                ) Magistrate Judge Arlander Keys
                                     )
P.O. Noble Williams, Star            )
#7073, P.O. T. Moragne, STAR         )
#19052, individually, and            )
THE CITY OF CHICAGO                  )
                                     )
       Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Anthony James, ("Plaintiff") sued the City of Chicago and two of its police officers, alleging that on August 25, 2008 the Defendants falsely arrested him and caused a malicious prosecution. After a three-day jury trial, on February 24, 2012 the jury returned a verdict in favor of the Defendants against the Plaintiff. On March 23, 2012, the Defendants filed their bill of costs seeking to recover $7,301.56. That same day, Mr. James filed a motion seeking a new trial under Federal Rule of Civil Procedure 59(a). On August 15, 2012, this Court issued a Memorandum Opinion and Order denying Plaintiff's motion for a new trial, but granting him time to file his response to Defendants' Bill of Costs.

Defendants seek recovery for the following costs: 1) $220 in fees for service of the summons and subpoena; 2) $3,301.38 for deposition costs; 3) $140 for witness fees; 4) $3,506.87 for

exemplification and copies of papers necessarily obtained; and 4) $133.31 for other itemized costs. Plaintiff objects to the Defendants' requests for costs totaling $7,301.56.

Rule 54(d)(1) provides that "costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Despite the use of the word "should," the decision to award costs "is firmly within the district court's discretion." *Chamberlain Manufacturing Corp. v. Maremont Corp.*, No. 92-C-0356, 1995 WL 769782, at *3 (N.D. Ill. Dec. 29, 1995)(citing *O.K. Sand & Gravel, Inc. v. Martin Marietta Technologies, Inc.*, 36 F.3d 565, 571 (7th Cir. 1994)). The Rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir.2006). *See also Benuzzi v. Board of Education of City of Chicago*, No. 09 C 3510, 2010 WL 3038101, at *1 (N.D. Ill. July 30, 2010)("There is a strong presumption that prevailing parties are entitled to an award of costs, as permitted by statute.")(citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)). Generally, costs are denied only when a prevailing party has engaged in misconduct worthy of a penalty or when the losing party is unable to pay. *Benuzzi*, 2010 WL 3038101, at *1 (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997)); *Rivera,* 469 F.3d at 634-35. *See also Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir.

2003)(the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent.").

As the prevailing party, the Defendants are entitled to costs under the Rule. Indeed, Mr. James does not dispute that the defendants prevailed in this action. He does, however, challenge the deposition transcript costs, as well as the exemplification and copies costs requested by the Defendants. He argues the costs are excessive and not proper under 28 U.S.C. §1920.

The Defendants seek to recover $3,301.38 in deposition and court reporting-related expenses, including $809.45 for Anthony James' deposition; $372.55 for Crystalyn Jones' deposition; $252.05 ($125 fee for the 4/13/11 appearance plus $127.05) for Takia Rodgers' deposition; $449.26 ($414.26 plus $35 for the e-transcript file) for Laura Dunaj's deposition; and $360.52 ($325.52 plus $35 for the e-transcript file) for Robert Stegmiller's deposition.

Local Rule 54.1 provides that "[s]ubject to the provisions of Fed. R, Civ. P. 54(d), the expense of any previaling party in necessarily obtaining all or any part of a transcript for use in a case . . . shall be taxable as costs against the adverse party.

3

. . . [T]he costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed."

The Defendants seek reimbursement of costs associated with the depositions of the plaintiff, his witnesses, and the named defendants. All of these depositions were necessarily obtained for use in the case. However, the cost of a transcript shall not exceed the regular copy rate established by the Judicial Conference ($3.65). Reasonable court reporter attendance fees are also recoverable, yet the fee may be taxed as costs only to the extent that the fee, when added to the per page rate charged for the deposition transcript, does not make the total charge per page exceed the applicable page rate. *Higbee v. Sentry Ins. Co.*, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004.) Finally, costs associated with delivering, shipping, or handling are not recoverable because they are considered ordinary business expenses. *See Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003.) Some of the invoices produced by Defendants herein demonstrate costs that, when totaled, exceed the amount recoverable under the applicable law.

For instance, Anthony James' deposition consisted of 167 pages. Court reporter Lorie E. Mayer charged $3.35 per page as well as an appearance fees totaling $245.00. When the

4

appearance and delivery fees are added to the per page rate charged, the total charge per page equals $4.85, exceeding the $3.65 maximum established by the Judicial Conference. As a result, Defendants may only recover $3.65 per page for James's deposition, which for 167 pages totals $609.55. *Higbee*, 2004 WL 1323633, at *2.

Accordingly, Defendants may only recover $609.55 for Anthony James's deposition, $229.95 for Crystalyn Jones' deposition, $120.45 for Takia Rodgers' deposition, $299.30 for Laura Dunaj's deposition and $233.60 for Robert Stegmiller's deposition. The difference between the amount Defendants' seek for these depositions and the amount allowed under law is $750.98. All together, Defendants are entitled to recover only $2,550.40 for deposition and transcript fees instead of the $3,301.38 originally requested.

Lastly, the defendants seek to recover $3,506.87 in exemplification and copies, of which Plaintiff objects to $2,909.78. Although Plaintiff argues that majority of the copies were unnecessary or duplicative, the Court finds Defendants' costs associated to items "necessarily obtained" in this case pursuant to 28 U.S.C. §1920 reasonable - except for one. Plaintiff argues that Defendants' counsel was aware of the courtroom technology available during trial for the display of exhibits, but instead chose to spend over one thousand dollars

5

($1,050) on "Oversize Color Printing/Foam Core Mounting" to produce blow-ups.  The Court agrees with the sound reasoning Plaintiff offers, and, therefore, deducts $1,050 from Defendants' costs.  Accordingly, of the $3,505.87 Defendants seeks in exemplification and copy costs, the Court's deduction entitles them to recover $2,456.87.

<u>Conclusion</u>

For the reasons explained above, the Defendants' Bill of Costs [54] is allowed, as modified in this opinion.  The Defendants are awarded costs in the amount of $5,500.58.

Date: November 5, 2012

                                      E N T E R E D:

                                      */s/ Arlander Keys*
                                      MAGISTRATE JUDGE ARLANDER KEYS
                                      UNITED STATES DISTRICT COURT